BOSTON SHIPPING ASSOCIATION, Inc. and Patterson Wylde & Company, Inc.

v.

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL–CIO, and its agent John F. Moran (International Vice President), and International Longshoremen's Association, AFL–CIO, Local 1066, and its business agent Edward F. Dalton.

Civ. A. 67–353.

United States District Court
D. Massachusetts.

June 30, 1967.

Leo F. Glynn, Boston, Mass., for plaintiff.

Joseph T. Doyle, Boston, Mass., for defendant.

MEMORANDUM and ORDER

CAFFREY, District Judge.

This matter came before the court upon the basis of a petition to compel arbitration. After hearing the evidence I find and rule as follows:

Petitioner Boston Shipping Association, Inc., is a membership corporation organized under the laws of Massachusetts with a usual place of business in Boston, and is collective bargaining agent for its members who are steamship agents, steamship companies, and stevedoring companies who employ longshoremen in the Port of Boston. Petitioner Patterson Wylde & Company, Inc., is a corporation organized under the laws of Massachusetts with a usual place of business at Castle Island, South Boston, and is a member of Boston Shipping Association, Inc. Respondent International Longshoremen's Association, AFL–CIO, is a voluntary unincorporated association with an office in Revere, Massachusetts, and is a collective bargaining agent for longshoremen in the Port of Boston. Respondent International Longshoremen's Association, AFL–CIO, Local 1066, is a voluntary unincorporated association with an office in Winthrop, Massachusetts, and is a collective bargaining rep-

resentative for longshore clerks in the Port of Boston.

This action is brought and the jurisdiction of this Court is invoked pursuant to Section 301, Labor Management Relations Act of 1947, 29 U.S.C.A. § 185.

The petition alleges that members of Local 1066 have performed clerking services for longshoremen employed on the wharves and piers in Boston for a number of years, pursuant to a collective bargaining agreement which the petitioners claim, and respondents deny, is still in force and effect between the parties. The petition sets out an arbitration clause (Article XVI) contained in the agreement. Enforcement of this arbitration clause is the primary relief sought by the petition, but petitioners also seek an injunction restraining members of respondent Unions from engaging in a work stoppage, and money damages. Respondents' answer raises the issue whether or not the arbitration clause was renewed after its expiration date, September 30, 1962.

■ So much of the petition as seeks injunctive relief against a work stoppage must be denied because this Court lacks jurisdiction to enjoin a work stoppage due to the provisions of Section 4 of the Norris-LaGuardia Act, 29 U.S.C.A. § 104. Sinclair Refining Co. v. Atkinson, et al., 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 (1962).

■ On the basis of the testimony adduced at the trial I am satisfied that a full written contract between the parties was last executed on October 1, 1959, and that this contract, by its terms, expired on September 30, 1962. I find that thereafter the practice followed by the parties with reference to their arrangements for employment of longshoremen in the Port of Boston was for the contract to be renegotiated annually, on behalf of the respondents by John F. Moran, Vice President of International Longshoremen's Association, and by representatives of petitioners, meeting in New York, with regard to five specific items, concerning wages, contribution to the welfare and clinic fund, contribution to the pension fund, hours, and the term of agreement. I further find that except as varied by annual negotiations as to these bread and butter items, all other provisions of the printed contract were orally renewed in the negotiations which took place in New York, and that, therefore, Article XVI is a part of the agreement presently existing between the parties.

■ Having in mind that the Supreme Court has clearly and unequivocally stated in the Steelworkers trilogy, United Steelworkers of America v. American Mfg. Company, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960), United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), that the national labor policy favors arbitration, and that all doubts about the coverage of an existing contract in a labor dispute should be resolved in favor of arbitration, it is

Ordered that pursuant to the provisions of the valid and subsisting contract which I find exists between these parties, they shall proceed to submit to arbitration, pursuant to Article XVI of the contract as set out in the petition, their dispute relative to the need for an additional "set up" of clerks in connection with the handling of containerized cargo at the Castle Island Terminal, South Boston.